Per Curiam

*1176 TEXTO COMPLETO DE LA SENTENCIA
Hechos
En o para el 6 de octubre de 2006, la Sra. Milagros García Dominicci (Sra. García) instó ante el Departamento de Asuntos del Consumidor (DACO), la Querella núm. 100033360, contra la Junta de Directores del Condominio New San Juan (Condominio) sito en la Avenida Isla Verde, Carolina, Puerto Rico.
La Querella fue enmendada el 30 de octubre de 2006 y en la parte aquí pertinente se alegó que en la Asamblea Ordinaria del 9/24/06:

7.1

Se aprobó el Informe Financiero incompleto, en dicho informe financiero, aparece una deuda de $14,124. De titulares morosos. Aparece bajo cuentas incobrables esto se aprobó en la asamblea siendo esto ilegal. Por lo que la querellante quiere clarificar cuál es el estado de la deuda. [.]”. (Ap. pág. 10)
El asunto quedó pautado para vista administrativa. El 20 de febrero de 2007, el Condominio compareció ante DACO vía “Moción Urgente Para Que se Deje Sin Efecto Señalamiento y se Resuelvan Con Lugar Las Dos Mociones de Desestimación de la Querella Enmendada”, en la que expuso que:

7.1

2. Una querella idéntica a la de autos fue presentada el día 26 de septiembre de 2006 por la titular Teófila Ramona Santiago en contra de la Junta aquí querellada con el número Q-100033274 y fue desestimada por falta de jurisdicción primaria del DACO, mediante resolución sumaria emitida el 27 de octubre de 2006, la cual es ya final y firme.

3. [...]

4. [...]

5. Procede que se revise el expediente del caso de autos y el expediente del caso Q-100033274- Teófila R. Santiago v. Junta - del 26 de septiembre de 2006, y a la luz de lo allí planteado y de la propia actuación de la agencia en ese caso, se proceda a desestimar sumariamente la querella del caso de autos y a dejar sin efecto el señalamiento de vista pautado para el 20 de marzo de 2007. ” (Ap. pág. 17)
Mediante Resolución del 29 de marzo de 2007, DACO ordenó “...el cierre y archivo de la Querella de epígrafe contra la Junta de Directores, por desistimiento de la parte querellante, lo que notificó el 2 de abril de 2007.
El 18 de abril de 2007, la Sra. García presentó “Moción de Reconsideración”, que fue acogida. DACO reabrió la Querella y quedó nuevamente pautada para vista del 11 de septiembre de 2007, 8:30 a.m., *1177 posteriormente trasladada para el 16 de octubre de 2007, fecha en que fue celebrada.
Mediante Resolución del 27 de febrero de 2008, DACO desestimó totalmente la querella contra la Junta de Directores del Condominio, señalando que:
7.7

Al comienzo de los procedimientos, la querellante sostuvo que se dilucidara únicamente lo relacionado a la controversia sobre la condonación de la deuda a los condominos. La querellante desistió de las demás alegaciones. [.] (Ap. pág. 1)

[.7

4. La querellante sostiene que se aprobó el informe financiero incompleto. Afirma que en el mismo aparece una deuda de $14,124.00 de titulares morosos bajo cuentas incobrables y que la aprobación de dicha partida en asamblea es ilegal.

5. La querellante solicita en su querella que no se condone dicha deuda y se le cobre a las personas que mantienen las mismas.

6. El estado de situación al 31 de diciembre de 2005 reflejaba un apartado de cuentas incobrables por la cantidad de $14,124.00. La misma se desglosa de la siguiente manera: $7,851.00 en cuentas de mantenimiento y $6,273 por concepto de derrama. Ambas cantidades corresponden a cuentas de años (ciclos) anteriores. Por tal motivo se identifican en los estados financieros como una cuenta incobrable.

7. Esta última cantidad de $6,273 corresponde a una derrama que se le impuso al titular comercial, Williams Hospitality, por la Junta anterior. Esta derrama fue impugnada por el titular en los tribunales y éste obtuvo una sentencia a su favor. El caso se encuentra en el Tribunal de Primera Instancia para la continuación de los procedimientos correspondientes.

8. Posterior a diciembre de 2005, la Junta ha hecho varias gestiones de cobro, en los tribunales, a dichos titulares morosos.

9. En cuanto a los titulares morosos, algunos han radicado quiebra. Otros, del área comercial, mantenían deuda con el condominio desde antes de que la Junta, a la que la querellante le hace las alegaciones, tomara posesión de sus cargos. Cuando la nueva Junta entra en funciones, algunos de los locales comerciales estaban vacíos y tenían deuda. En cuanto a estos locales se han presentado querellas en cobro de dinero en el Tribunal de Primera Instancia, y algunos, al día de la vista habían pagado.

10. La actual Junta no ha condonado cuenta alguna de mantenimiento. [.] (Ap. pág. 2).

[.]la Junta de Directores, al preparar sus estados financieros para presentarlos ante el Consejo para su aprobación, lo que hizo fue crear un asiento de cuentas incobrables para contabilizar aquéllas deudas de mantenimiento que titulares morosos mantienen con el condominio por más de un ciclo de contabilidad. El que una cuenta sea clasificada como “Cuentas Incobrables” no significa que se ha condonado una deuda, en este caso de algún titular. Al contrario, la Junta puede continuar realizando sus gestiones de cobro y de recibir algún pago sencillamente realiza la entrada correspondiente y cancela dicha cantidad de la partida de “Cuentas Incobrables ”. Es una práctica de contabilidad de aceptación general crear una provisión para ser aplicada al saldo de dichas cuentas al cierre de cada ciclo de contabilidad.

*1178 La parte querellada explicó ampliamente la razón por la cual designó la partida como cuenta incobrable en el estado financiero del año fiscal que finalizó el 31 de diciembre de 2005. Dichos estados financieros fueron presentados al Consejo y aprobados por mayoría. Además, explicó las acciones que se han estado llevando a cabo para tratar de recuperar el dinero de dicha partida. [.]”. (Ap. págs. 4-5)
DACO también impuso a la Peticionaria $300.00 de honorarios por temeridad a favor del Condominio.
No conforme, la Sra. García acude pro se en la causa del epígrafe y luego de hacer una mención cronológica de los eventos procesales administrativos, solicitó que se:
“ [.] atienda esta querella en nombre de la buena convivencia, ya que la recurrente confía en el sistema Judicial y se cumpla con la Ley Referente a Poderes y Deberes de la Junta, (38-D), que es la que resalta y demanda esta Querella. Y se cumplan las leyes vigentes de nuestro Sistema Judicial. ”
Exposición y Análisis
Hemos hecho un extenso examen del asunto y precisamente en uno de los documentos del Condominio que la Sra. García une a su Petición de Revisión Administrativa titulado “Resolución de Reclamos a la Junta de Directores y a la Administración” del 23 de febrero de 2007, el Condominio ofrece una amplia y diáfana explicación del asunto que origina este trámite, que pasamos a transcribir:
7.7
10. En torno a los titulares que ale godamente se les “condonaron” deudas, es incorrecta su apreciación e interpretación de los estados financieros presentados a la Asamblea del 24 de septiembre de 2006. Específicamente en el Estado de Ingresos y Gastos para el año 2005 no aparece ningún renglón con ese nombre. Lo que figura es el renglón de “cuentas incobrables”, que del fondo operacional de gastos en ese año ascendió a $14,124.00, parte de las cuales corresponden al aspecto del mantenimiento ($7,851.00) y parte al aspecto de las derramas ($6,273.00). Esta última cantidad corresponde a una derrama que se le impuso al titular Williams Hospitality por la Junta anterior, que ese titular impugnó en Corte y obtuvo una sentencia a su favor, por lo que es realmente una cuenta incobrable. No se trata de haberle condonado a los titulares morosos u otros deudores sus deudas por concepto de cuotas ni derramas. Se trata de que en términos de contabilidad se conceptúan cuentas tiradas a pérdida aquellas viejas, es decir, que corresponden a años fiscales previos al año del estado financiero correspondiente. En el caso de la cantidad relativa a la mencionada derrama, es ya una pérdida. En el caso de la cantidad correspondiente al mantenimiento, mientras no haya prescrito el término de ley para cobrarle, la Junta y el Consejo pueden reclamar a los titulares, si no se han ido a la quiebra, durante un período de 15 años desde que surgieron las deudas. Pero a veces no se puede ubicar físicamente al titular para demandarlo en cobro, lo que requiere demandarlo y notificarle mediante edicto y luego tratar de obtener sentencia válida que permita embargarle bienes suficientes para cobrar el crédito. Tal sentencia, una vez inscrita en el Registro de la Propiedad, constituye un gravamen que afecta cualquier transacción que pueda hacer el titular referente al dominio de su unidad en el Condominio. Como ese es un procedimiento prolongado, para fines de contabilidad, se echa a pérdida la deuda, para un año particular, pero con ello no se renuncia el derecho a cobrarla por cualquier vía. Esa es la situación en el Condominio. Si la Junta anterior no condonó ninguna deuda, tampoco lo ha hecho la actual Junta. [.]. ” (Ap. págs. 26-27)
Realmente no debemos extendemos más en el trámite de esta causa. La suma de $14,124.00 sobre la cual gira toda esta controversia tiene que recibir un trato adecuado en los informes financieros y contabilidad del Condominio, independientemente del esfuerzo que la Junta del Condominio efectúe para su cobro, si ello resulta posible en derecho. Esto último es lo que se explica adecuadamente en el párrafo que arriba transcribimos. Debemos confirmar.
*1179 Dictamen
No existe razón para intervenir con la Resolución del DACO, aquí recurrida, por lo que confirmamos.
Lo acordó y manda el Tribunal y lo certifica la Secretaria.
Leda. María Elena Pérez Ortiz Secretaria del Tribunal de Apelaciones